UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA

    -against-

MICHAEL MOORE,

<u>NOT FOR PUBLICATION</u>
**MEMORANDUM & ORDER**

             Defendant.

13-CR-487-10 (CBA)

--------------------------------------------------------x

**AMON, United States District Judge:**

Michael Moore is currently serving twenty years in prison for cocaine-base offenses.

Before me is Moore's motion to reduce his sentence pursuant to the First Step Act's[1]

compassionate release provision, 18 U.S.C. § 3582(c)(1)(A)(i).[2] Moore contends that five factors

amount to extraordinary and compelling reasons warranting a sentence reduction: (1) he has

served ten years of an unusually long sentence and changes in the law—both mandatory

minimums and definitions of predicate drug offenses—mean he would face a shorter sentence if

he were sentenced today; (2) he was penalized for going to trial versus his co-defendants who

pleaded guilty; (3) his history of physical conditions, psychiatric illness, and lack of care for that

illness; (4) the COVID-19 pandemic and its impact on his incarceration; and (5) his rehabilitation

during incarceration. (ECF Docket Entry ("D.E.") # 767 ("Mot.") at 1.) The Government

opposes the motion.[3] For the reasons stated below, Moore's motion is denied.

---

[1] The First Step Act of 2018 amended what has become known as the "compassionate release" statute, which creates an exception to the general prohibition against modifying a term of imprisonment once it has been imposed. <u>See</u> 18 U.S.C. § 3582(c).

[2] (<u>See</u> ECF Docket Entry ("D.E.") # 767; D.E. # 771 ("Reply"); D.E. # 774 ("Ltr. 1"); D.E. # 775 ("Ltr. 2"); D.E. # 778 ("Ltr. 3"); D.E. # 779 ("Ltr. 4"); D.E. # 780 ("Ltr. 5"); D.E. # 781 ("Ltr. 6").)

[3] (<u>See</u> D.E. # 770 ("Gov. Opp.").)

**BACKGROUND**

On February 19, 2014, a grand jury returned a second superseding indictment charging Moore with one count of conspiracy to distribute and possess with intent to distribute cocaine base and three counts of distribution of and possession with intent to distribute cocaine base. Before the superseding indictment was returned, the Government filed prior felony information documenting Moore's two prior felony drug offenses. (D.E. ## 130, 135.)

Moore exercised his constitutional right to trial. The evidence at trial established that Moore regularly supplied cocaine base to various drug dealers in the Park Hill neighborhood of Staten Island, New York. After the trial—during which the Government presented abundant evidence against Moore—on February 27, 2014, the jury convicted Moore of one count of conspiring to distribute cocaine base—in violation of 21 U.S.C. §§ 846(d) and 841(b)(l)(A)(iii); 18 U.S.C. §§ 3551 et seq.—and three counts of distribution of cocaine base—in violation of 21 U.S.C. §§ 84l(a)(l) and 84l(b)(l)(A)(iii); 18 U.S.C. §§ 2 and 3551 et seq. (D.E. ## 206, 238.)

On October 17, 2014, I sentenced Moore to the following concurrent terms of imprisonment: (1) 240 months' imprisonment on Count One; (2) 240 months' imprisonment on Count Two; (3) 168 months' imprisonment on Count Three; and (4) 168 months' imprisonment on Count Four. At the time, Moore's Guidelines range of 168 to 210 months was based on an offense level of 32 and a criminal history category of VI. (D.E. # 493 at 8:20-24.) However, both parties agreed to a downward adjustment of Moore's offense level to 30 because of a change in the law scheduled for a month after sentencing. (Id.; D.E. # 370 at 1.) The Guidelines have not changed with respect to Moore's offense level and criminal history. See U.S.S.G. §§ 2D1.1(5), 4B1.1(b). His convictions of Counts One and Two subjected him to a mandatory minimum of ten years, but his prior convictions qualified as "felony drug offense[s]"—both for criminal

2

possession of a controlled substance—which enhanced his mandatory minimum to twenty years. (Id. at 9:3-10:7; D.E. # 130 at 1.)

Since Moore's sentencing, in 2018, Congress passed the First Step Act, on which much of Moore's motion relies. Section 401 of the First Step Act lowered the mandatory minimum applicable to a defendant who is, like Moore was, convicted of distributing 280 grams or more of cocaine base after a prior conviction for a serious drug felony from twenty to fifteen years. First Step Act, Pub. L. No. 115-31, 132 Stat. 5194 (codified at 21 U.S.C. § 841(b)(1)(A)). This provision was not made retroactive.

The First Step Act also requires that any predicate conviction be a "serious drug felony," as defined at 21 U.S.C. § 802(58), rather than a mere "felony drug offense," as defined at 21 U.S.C. § 822(44). A "serious drug felony" does not encompass mere possession offenses. 18 U.S.C. § 924(e)(2)(A); compare 21 U.S.C. § 802(58), with § 802(44). Rather, a "serious drug felony" is defined as an "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" for which the defendant served more than twelve months of imprisonment, his release from which occurred within fifteen years of the instant offense. 18 U.S.C. § 924; 21 U.S.C. § 802(58). The offense must also carry a maximum term of imprisonment of ten or more years. Id. Without a prior conviction for a "serious drug felony," the same defendant would be subject to only a ten-year mandatory minimum. 21 U.S.C. § 841(b)(1)(A). This change was similarly not made retroactive.

The Government effectively concedes that Moore's prior offenses would not qualify today as a predicate "serious drug felony" that would enhance Moore's mandatory minimum. Moore's 1994 conviction for criminal possession of a narcotic drug in the fourth degree, in violation of New York Penal Law § 220.09, is his only conviction that carried a sufficient

3

maximum term of imprisonment, (Gov. Opp. at 6), but that law criminalizes mere possession of a controlled substance, as opposed to the manufacture or distribution of, or the possession with intent to manufacture that substance as required by 21 U.S.C § 802(58) and 18 U.S.C. § 924(e)(2)(A)(ii). Because Moore's conviction under that law is not for a "serious drug felony," it would not serve as a predicate offense for the fifteen-year minimum. Were he sentenced today, Moore would be subject to the ten-year mandatory minimum. However, as note, the sentencing changes—both the revised mandatory minimum and the definitions of predicate offenses—were not made retroactive. See United States v. Gigliotti, 687 F. Supp. 3d 353, 355 (E.D.N.Y. 2023).

To date, Moore has served nearly thirteen years of his sentence and remains incarcerated at the Federal Correctional Institution, Petersburg, in Virginia. (Mot. at 9.) He is fifty-seven years old. (Id. at 11; see Presentence Investigation Report.) Moore requests that I reduce his sentence to time served. (Id. at 1.)

### LEGAL STANDARD

Under Section 3582(c)(1)(A), once a defendant has exhausted his administrative remedies, a district court may reduce a sentence "after considering the factors set forth in section 3553(a) to the extent they are applicable" and when "extraordinary and compelling reasons warrant a reduction." 18 U.S.C. § 3582(c)(1)(A).

Congress has delegated to the Sentencing Commission the power to define the circumstances in which "extraordinary and compelling reasons" exist. The Supreme Court has recently addressed the parameters of that statute. The Court held that "extraordinary and compelling" circumstances are those that are "especially unusual and convincing." Rutherford v. United States, 146 S. Ct. 1320, 1330 (2026). It further held that, before considering the Section 3553(a) factors, "a court must first ensure that the movant is part of a 'limited class of prisoners'

4

who are 'eligibl[e]' for such a reduction." Id. at 1333 (quoting Dillon v. United States, 560 U.S. 817, 825, 827 (2010)). And whether a movant is "eligible" depends on whether he can demonstrate that extraordinary and compelling circumstances warrant compassionate release, not on the Section 3553(a) factors. Id.

In general, the defendant bears the burden of demonstrating his eligibility for compassionate release. United States v. Antney, No. 17-CR-229 (CBA), 2021 WL 4502478, at *2 (E.D.N.Y. Sept. 30, 2021) (citing United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992); United States v. Perez, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020)).

## DISCUSSION

### I.    Administrative Remedies

The First Step Act permits a court to reduce the defendant's sentence "upon motion of the defendant" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A defendant bears the burden to "include evidence of compliance with the First Step Act's mandatory administrative exhaustion requirement," such as documentation of the request submission with their motion. United States v. Friedlander, No. 20-CR-441 (JS), 2022 WL 2305370, at *1 (E.D.N.Y. June 24, 2022). The Second Circuit has held that the administrative exhaustion requirement of § 3582(c)(1)(A) is a mandatory "claim-processing rule," rather than a "jurisdictional limitation," with the result that exhaustion may be "waived or forfeited by the government." United States v. Saladino, 7 F.4th 120, 121 (2d Cir. 2021).

The Government argues that Moore has not complied with the exhaustion requirement. Moore sent a letter to the warden of FCI Petersburg on January 25, 2024, requesting a sentence

5

reduction. (Mot. Ex. A.), and he claims that "on or about February 1, 2024, [he] was informed that his request to the warden was denied," but that representation is uncorroborated. (Mot. at 1.) The Government argues that this representation fails to meet the statutory requirements because Moore filed his motion on February 14, 2024, fewer than thirty days after the request, and that he failed to provide documented proof of the denial. (Gov. Opp. at 2-4.) On reply, Moore argues that his representations are sufficient and that it is the Government's burden to show that his request was not denied. (Reply at 1.) He does not address his failure to wait thirty days.

Absent documentation that his request was denied, see United States v. Daley, No. 89-CR-0229-15 (JS), 2021 WL 327620, at *1 (E.D.N.Y. Feb. 1, 2021), I would ordinarily need to decide whether Moore failed to exhaust his administrative remedies because he did not wait thirty days from submitting his request to file this motion. However, because Moore's Motion for Compassionate Release fails on the merits for the reasons discussed below, I need not determine whether he satisfied the threshold exhaustion requirement. See United States v. Ashe, No. 18-CR-41 (DLC), 2021 WL 5401711, at *1 n.1 (S.D.N.Y. Nov. 18, 2021).

II.    **Moore Fails to Establish Extraordinary and Compelling Reasons for Compassionate Release**

The United States Sentencing Commission Guidelines ("Guidelines") list six categories of extraordinary and compelling circumstances. Two categories are relevant here.

First is the "Unusually Long Sentence" category, which provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

6

U.S.S.G. § 1B1.13(b)(6). Unfortunately for Moore, during the pendency of his Motion for Compassionate Release on May 28, 2026, the United States Supreme Court issued its opinion in Rutherford, 146 S. Ct. at 1320, which invalidated this provision of the Guidelines "to the extent it counsels" a court to consider a nonretroactive change to the law as a reason for compassionate release, id. at 1335. Specifically, the Court held that a nonretroactive change in sentencing law "is not an 'extraordinary and compelling reason[n] that 'warrant[s]' a sentence reduction." Id. at 1330 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).[4]

The second Guidelines provision on which Moore relies is the catch-all "Other Reasons" category, which provides a court may find extraordinary and compelling circumstances if:

> [t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b)(5). The Commission has explained that these circumstances need not be "similar in nature and consequence to the specified reasons," but need only be similar "in gravity, a requirement that inheres in the statutory requirement that they present extraordinary and compelling reasons for a sentence reduction." Nov. 1, 2023 Amendments to U.S.S.G. at 10. "[T]he fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction" under the First Step Act. U.S.S.G. § 1B1.13(e).

Another limit with respect to the court's discretion is that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. §

---

[4] Immediately after the opinion was published, I ordered the parties to brief whether the Supreme Court's holding in Rutherford mandated denial of Moore's motion for compassionate release. (See Text Order Dated May 29, 2026.) Neither Moore nor the Government submitted briefing on that issue.

7

994(t); see also U.S.S.G. § 1B1.13(d). Rehabilitation may, however, be considered in combination with other circumstances. U.S.S.G. § 1B1.13(d).

I now turn to Moore's stated grounds for a sentence reduction.

### A.  Unusually Long Sentence

As noted, Moore's major claim that he has served ten years of an unusually long sentence relying on the Guidelines' "unusually long sentence" provision—Section 1B1.13(b)(6)—is foreclosed by the decision of the Supreme Court in Rutherford, 146 S. Ct. at 1335.

In Rutherford, the petitioner invoked the same provision to seek a reduction of his sentence under a version of 18 U.S.C. § 924(c) that imposed "stacked" mandatory minimums for multiple firearm convictions and subjected him to a thirty-two-year mandatory minimum on two firearm counts. Congress later eliminated that stacking requirement but did not make it retroactive. First Step Act § 403(a). Rutherford contended that the resulting 18-year disparity between his original sentence and the sentence he would receive under the amended § 924(c), combined with his individual circumstances, constituted an "extraordinary and compelling reason" warranting a sentence reduction under § 3582(c)(1)(A)(i). Id. at 1329.

In rejecting Rutherford's argument, the Court explained that the disparity between a sentence imposed under a prior version of a statute versus one imposed under a nonretroactive, amended version of that statute is neither "extraordinary" because "nonretroactive amendments to criminal penalties are the norm," id. at 1330, nor "compelling" because crediting the disparity "would undermine Congress' choice to leave the sentence intact," id. at 1331. The Court invalidated the provision to the extent it enables courts to make changes to sentencing statutes retroactive where Congress had not. See id. at 1334. The Court noted that such disparity-based arguments fall "well outside the heartland of compassionate release, which has long been defined

8

by a prisoner's personal circumstances." Id. at 1331. Sentencing disparities are not unique to any individual prisoner; rather, such disparities are a structural feature of how Congress makes sentencing reforms. See id. at 1332.

Here, Moore invokes the same provision and asks me to consider the disparity that results from a non-retroactive amendment to sentencing law. See Gigliotti, 687 F. Supp. 3d at 355 (noting that the First Step Act's reduction of mandatory minimums was not retroactive). Because "the disparity resulting from Congress's amendment to [21 U.S.C. § 841] tracks ordinary sentencing practice and reflects Congress's deliberate choice to extend relief to some prisoners and not others," the disparity between the sentence Moore currently serves and the one he might serve if sentenced today "is neither an 'extraordinary' nor a 'compelling' reason that warrants a reduction in sentence." Rutherford, 146 S. Ct. at 1332.

## B. Alleged Trial Penalty

Moore argues that extraordinary and compelling reasons exist because he faced a longer sentence for going to trial rather than pleading guilty, (Mot. at 5-7; Reply at 3-4.),[5] but that argument is equally unavailing.  Moore suggests that the lower sentences of his co-defendants who pleaded guilty demonstrate that he faced a trial penalty. (Mot. at 6-7.) Seven of Moore's eleven co-defendants pleaded guilty to various related crimes. Those co-defendants were:

- Norbert Grigger, who pleaded guilty to conspiracy to distribute cocaine base on December 13, 2013. (D.E. # 144.) He was sentenced to thirteen years' imprisonment and five years of supervised release. (D.E. # 687.)
- Derrick Lewis, who pleaded guilty to conspiracy to distribute cocaine base on January 6, 2014. (D.E. # 153.) He was sentenced to thirty-seven months' imprisonment and four years of supervised release. (D.E. # 431.)

---

[5] At some points, Moore contends as much as part of his broader argument that he faces an "unusually long sentence" insofar as his co-defendants' sentences indicate he would have received a lower sentence if his mandatory minimum was only ten years. (See, e.g., Mot. at 5; Reply at 3.) At other points, however, Moore seems to suggest that his alleged "trial penalty" independently qualifies as an extraordinary and compelling reason under U.S.S.G. § 1B1.13(b)(5)'s "other reasons" category. (Id. at 6.) Because the former would require me to impermissibly consider a nonretroactive change to sentencing law, (see supra Section II.A), I construe Moore's arguments about the "trial penalty" as "other reasons" that might qualify as extraordinary and compelling.

- Bonita Mbaye, who pleaded guilty to conspiracy to distribute cocaine base on January 9, 2014. (D.E. # 160.) She was sentenced to six months' imprisonment and three years of supervised release. (D.E. # 400.)
- Sean Dupree, who pleaded guilty to conspiracy to distribute cocaine base on January 22, 2014. (D.E. # 315.) He was sentenced to thirty-eight months' imprisonment and five years of supervised release. (D.E. # 559.)
- Donald Lewis pleaded guilty to conspiracy to distribute cocaine base and use of a firearm on January 27, 2014. (D.E. ## 181-82.) He was sentenced to thirty-six months' imprisonment for the first count and an additional six months for the second, and five years of supervised release (D.E. # 561.)
- Roland Dowe pleaded guilty to conspiracy to distribute cocaine base and use of a firearm on February 7, 2014. (D.E. ## 208-209.) He was sentenced to thirty-six months for the first count and six months' consecutive imprisonment for the second count. He was sentenced to five and three-year concurrent terms of supervised release (D.E. # 564.)
- Dennis Porter pleaded guilty to conspiracy to distribute cocaine base on February 11, 2014. (D.E. ## 191, 195.) He was sentenced to thirty-seven months' imprisonment and three years of supervised release. (D.E. # 311.)[6]

Moore also highlights that co-defendants Porter, Donald Lewis, Derrick Lewis, Dowe, and Dupree all pleaded guilty and received sentences significantly shorter than his, despite their claimed more culpable conduct. (Mot. at 5-7.) Grigger, who pleaded guilty to murder, received thirteen years of imprisonment. (Id. at 7.)

Critically, Moore fails to show that "he suffered a trial penalty because the sentence was statutorily mandated." United States v. Isaac, No. 22-2758, 2024 WL 1597614, at *1 (2d Cir. Apr. 12, 2024); United States v. Williams, No. 00-CR-1008 (NRB), 2024 WL 5119893, at *6 (S.D.N.Y. Dec. 16, 2024). Indeed, Moore's sentence reflects the mandatory minimum term of incarceration required at the time of sentencing.

Moreover, and as Moore concedes, his co-defendants' lighter sentences reflect their cooperation, safety-valve eligibility, and guilty pleas. Put differently, "[t]here is a simple,

---

[6] Co-defendants Brian Gill, David Gill, and Samuel Waco McIntosh went to trial on two counts of conspiracy to distribute narcotics and one count of continuing criminal enterprise. The Gills were found guilty on all three counts, and Waco McIntosh was found guilty of one count of continuing criminal enterprise and one count of conspiracy to distribute narcotics. (D.E. ## 471-72.) Brian Gill was sentenced to two concurrent life terms. (D.E. # 536.) David Gill and Waco McIntosh were sentenced to two concurrent, forty-year terms. (D.E. ## 539, 542.)

justifiable reason for the disparity." See United States v. Khusanov, No. 17-CR-475 (WFK), 2024 WL 5046745, at *7 (E.D.N.Y. Dec. 9, 2024), appeal dismissed, No. 25-288, 2025 WL 2254539 (2d Cir. June 11, 2025), and aff'd, No. 25-14, 2026 WL 21000 (2d Cir. Jan. 5, 2026). Co-defendants Dowe and Donald Lewis received lower sentences in part because they cooperated with the Government, which Moore did not. (See D.E. ## 519, at 2-3 (describing Dowe's cooperation); 520 at 3-4 (same for Donald Lewis)). Likewise, Derrick Lewis qualified for a lower sentence under the Safety Valve. (Mot. at 6.) As for the remaining three co-defendants, Moore "was not similarly situated to the co-defendants to whom he compares himself because they pleaded guilty." United States v. Felder, 722 F. App'x 61, 63 (2d Cir. 2018). Indeed, Moore has "failed to demonstrate that the actual sentence imposed was impermissible retaliation for his determination to go to trial, as opposed to a legitimate consequence of his own decision not to accept any plea agreement that may have been offered to him." Id. at 64. As such, Moore cannot show that he faced a trial penalty, let alone that the sentence he faced, in comparison to that of his co-defendants, is an extraordinary and compelling reason for a reduced sentence.

### C. Moore's Mental and Physical Health Conditions

Moore also argues that his physical and mental health conditions qualify as an extraordinary and compelling reason for release. (Mot. at 7; Reply at 4-5.) According to Moore, before he began serving his current sentence, he was diagnosed with and medicated for Schizophrenia, Bipolar Disorder, and Delusional Disorder and Unspecified Anxiety. (Mot. at 7.) After he was transferred to FCI Petersburg in 2014, Moore claims that his new treating psychologist rejected that diagnosis. (Id.) Moore no longer sees a mental healthcare provider nor takes medication for any of the conditions with which he was previously diagnosed, and although he has "been functioning adequately," he occasionally "suffers hallucinations and hears voices."

11

(Id.) Moore claims that his decision to reject a plea offer and proceed to trial demonstrate how his mental illness affected his ability to think clearly and make decisions in his best interests. (Reply at 4.) Moore also suffers from "gynecomastia, frequent back pain, [and] hypertension." (Mot. at 8.)

Although I sympathize with Moore's ongoing struggles to maintain his mental and physical health during incarceration, these struggles do not qualify as extraordinary and compelling circumstances warranting release. Moore himself admits that he is "functioning adequately" and unlike the compassionate-release grantees in United States v. Hatcher, No. 18-CR-454-10 (KPF), 2021 WL 1535310 at *4 (S.D.N.Y. Apr. 19, 2021) and United States v. Reyes, No. 19-CR-66 (LTS), 2021 WL 22717, at *2 (S.D.N.Y. Jan. 4, 2021), Moore does not argue that he is unable to access the mental healthcare he requires. He likewise fails to demonstrate that he is receiving inadequate treatment for his physical conditions. Accordingly, Moore has failed to show the impact of incarceration on his mental and physical conditions is an extraordinary and compelling reason for a reduction of his sentence.

### D. COVID-19 Restrictive Conditions

Moore further argues that the impact of the COVID-19 pandemic on his incarceration represents an extraordinary and compelling reason for sentence reduction. (Mot. at 1, 3-4; Reply at 4-5.) It is true that courts in this District have found extraordinary and compelling circumstances when an incarcerated person suffers from a condition that can be exacerbated by COVID-19, see United States v. Williams, No. 10-CR-657 (SJ) (RML), 2021 WL 1648182, at *2 (E.D.N.Y. Apr. 27, 2021) (collecting cases), but Moore does not claim to have one of those conditions, cf. United States v. Watts, No. 92-CR-767 (KAM), 2023 WL 35029, at *9 (E.D.N.Y. Jan. 4, 2023) (defendant suffered from a severe lung disease).

Moore additionally argues his case for sentence reduction on the grounds that the pandemic lockdowns caused him "anguish" and subjected him to "extremely harsh conditions." (Reply at 5.) I recognize that Moore, as did all people incarcerated during the COVID-19 pandemic, faced threats to their health and wellbeing. Because compassionate release "has long been defined by a prisoner's personal circumstances," Rutherford, 146 S. Ct. at 1331, I cannot find that the pandemic, when it did not pose an elevated risk to Moore based on a preexisting condition, constitutes an extraordinary and compelling reason for compassionate release. Accord United States v. Reid, No. 05-CR-596(1) (ARR), 2021 WL 837321, at *6 (E.D.N.Y. Mar. 5, 2021).

### E. Rehabilitation

Moore argues that his rehabilitation contributes to the existence of extraordinary and compelling reasons for his release. (See Mot. at 4, 5; Reply at 5.) But the law and correspondent Sentencing Guidelines are clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); see also U.S.S.G. § 1B1.13(d). Because Moore has not demonstrated the existence of any other extraordinary and compelling circumstances warranting his release, I cannot solely consider his rehabilitation. Antney, 2021 WL 4502478, at *6.

In sum, none of the reasons that Moore has proffered either "by themselves or together with any of the [other] reasons" represent extraordinary and compelling reasons to reduce Moore's sentence.[7] U.S.S.G. § 1B1.13(b)(5).

---

[7] Rutherford makes clear that courts may not "inject[] other factors" that "reject[] Congress's judgment" about appropriate punishments "into the mix of extraordinary and compelling reasons." 146 S. Ct. at 1334. Applied to this case, I cannot consider the non-retroactive changes to 21 U.S.C. § 841(b)(1)(A) that would subject Moore, were he sentenced today, to a lower mandatory minimum, either as a standalone factor or a factor in combination with others that might constitute extraordinary and compelling reasons for compassionate release.

### III.    The Section 3553(a) Factors Weigh Against a Sentence Reduction

Even if Moore could establish that extraordinary and compelling circumstances warrant his early release, I would nonetheless deny his motion for compassionate release based on an assessment of the 18 U.S.C. § 3553(a) factors. See United States v. Lisi, 440 F. Supp. 3d 246, 253 (S.D.N.Y. 2020).

The § 3553(a) factors include:

"(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ."

18 U.S.C. § 3553(a).

Those factors weigh against granting a sentence reduction in Moore's case. Moore was convicted of serious crimes, conspiring to distribute and distributing cocaine base. He was personally accountable for 500 grams of cocaine base. (Presentence Investigation Report at 5.) He has a lengthy criminal history spanning nearly two decades before his incarceration. (Id. at 7-13.) As of December 31, 2023, Moore had several incidents on his disciplinary record. (D.E. # 767-7 at 1-2.) To reduce his sentence now would fail to "reflect the seriousness of the offense," or "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a). Although I commend Moore for accruing good time credits, (Ltr. 5), and pursuing programming for self-improvement, (Mot. at 8), these factors do not meaningfully change my view of his "history and characteristics." See United States v. Elliott, No. 17-CR-128 (ARR), 2020 WL 4381810, at *5 (E.D.N.Y. July 31, 2020). Rather, the Section 3553(a) factors underscore the need for his sentence to promote the law and the need for general and specific deterrence.

## CONCLUSION

For the reasons stated above, Moore's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied.

SO ORDERED.

Dated: July 20, 2026
Brooklyn, New York

s/ Carol Bagley Amon

Carol Bagley Amon
United States District Judge